119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HELIONETICS, INC., a California corporation,
Plaintiff-Counter-Defendant-Appellee,
v.
PAIGE & ASSOCIATES, CORP., a Texas corporation,
Defendant-Counter-Claimant,
and
Greg PAIGE; Paul Michlin, Defendants.
Susan BARNES, Third-Party-Claimant-Appellant,
v.
HELIONETICS, INC.; Maxwell Malone; Bernard Katz; Chaim
Markheim; Peter Aiello, Counter-Defendants-Appellees.
 No. 96-55689.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Filed July 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-94-00539-DT; Dickran M. Tevrizian, District Judge, Presiding.
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Susan Barnes appeals the district court's denial of her third-party claim to a security interest in funds seized pursuant to the underlying $150,000 judgment in favor of Paige & Associates. Barnes contends that the district court erred by finding that she failed to meet her burden of proof. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's factual findings for clear error and its legal determinations de novo, see Bay Area Typographical Union v. Alameda Newspapers, 900 F.2d 197, 199 (9th Cir.1990), and we affirm.
 
 
 3
 Barnes contends that, under California law, she met her burden of proof because she showed to a sufficient degree of specificity that: (1) she had a perfected security interest in Helionetics's deposit account; (2) she loaned money to Helionetics from her personal bank account; and (3) Helionetics's debt to her exceeded the balance in its deposit account. We disagree.
 
 
 4
 In a third-party claim, the third-party bears the initial burden of proof. See ITT Commercial Fin. Corp. v. Tech Power, Inc., 43 Cal.Rptr.2d 344, 347 (Cal.Ct.App.1996). A third-party meets her burden of proof by introducing evidence that is sufficient to avoid a ruling against her on the issue, and raises a "requisite degree of belief concerning a fact in the mind of the trier of fact or the court." Id.
 
 
 5
 Here, the district court found that Barnes failed to meet her burden of proof because the evidence showed that her business dealings with Helionetics were conducted at the behest of and controlled by her husband, Bernie Katz, who was Chairman of the Board of Helionetics, owner of record of KB Equities, and the sole signatory on the KB Equities account from whence the funds were loaned to Helionetics.
 
 
 6
 Essentially, Barnes and KB Equities were conduits through which Katz accessed capital for loan to himself and Helionetics. The fact that Barnes was not actively involved in the business operations of KB Equities and did not control its lending decisions is evidenced by: (1) the absence of a formal transfer of ownership of KB Equities from Katz to Barnes; (2) the absence of her name as a signatory on the KB account from which all monies were loaned to Helionetics; (3) the absence of an independent record-keeping system to track the amounts loaned to and repaid by Helionetics; (4) conflicting testimony of Barnes and Katz about KB Equities's status as an active or inactive company; (5) Barnes's lack of knowledge as to whether she was an officer in KB Equities; and (6) her refusal to demand repayment of the loans until the underlying judgment attached.
 
 
 7
 Because Barnes's dealings with Helionetics were inextricably intertwined with businesses and accounts controlled by her husband, the evidence did not raise a "requisite degree of belief" that she, alone, was entitled to the funds in Helionetics's deposit account. See id. Accordingly, the district court did not clearly err by finding that Barnes commingled personal funds and KB Equities funds to such a degree that it was impossible to determine how much Helionetics owed her, if anything. See Bay Area Typographical Union, 900 F.2d at 199. Additionally, the evidence was not sufficient to avoid a ruling against her on the third-party claim, ITT Commercial Fin. Corp, 43 Cal.Rptr.2d at 347. Thus, the district court did not err by denying Barnes' third-party claim. See id.; see also Bay Area Typographical Union, 900 F.2d at 199.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3